CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

IVANA DJAK (NYBN 5516687)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3918
    Fax: (510) 637-3724
    Ivana.Djak@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 25-CR-55 JST |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| DANIER MARQUIS BECTON, | Court: Hon. Jon S. Tigar<br>Hearing Date: March 6, 2026<br>Hearing Time: 9:30 A.M. |
| Defendant. | |

## I.  INTRODUCTION

On February 27, 2025, the Defendant, Danier Marquis Becton, was charged by Indictment with Aiding and Abetting a Robbery Affecting Interstate Commerce in violation of 18 U.S.C. §§ 1951(a) and §2  Dkt. No. 1, Indictment.  On November 21, 2025, the Defendant pled guilty to the sole Count of the Indictment.  The Defendant admitted to participating in a robbery of a smoke shop in Fremont, California on February 10, 2024, during which armed robbers assaulted and held up the victim store clerk.  Dkt. No. 37, Plea Agreement ("Plea") ¶ 1; Dkt. No. 42, Presentence Report ("PSR") ¶ 2. Sentencing is set for March 6, 2026.

The Defendant has a substantial criminal history.  He has incurred three convictions as an adult

for robbery and controlled substance offenses. Separately, he has been arrested repeatedly between his convictions, also for robbery as well as burglary and evading law enforcement. The Defendant's criminal conduct stretches back to 2010. PSR ¶¶ 26–56. The Defendant's conduct and criminal history are serious and warrant a substantial term of incarceration.

The Defendant has also taken responsibility for the conduct of conviction in this case, expressed remorse, and saved the government substantial resources.

Based on the nature and circumstances of the offense, the Defendant's criminal history, and the Defendant's acceptance of responsibility, the government submits that a custodial sentence of 42 months' custody to be followed by three years of supervised release, and placement at a halfway house or at an inpatient treatment program for the first six months of supervised release, is sufficient, but not greater than necessary, to achieve the goals set forth in 18 U.S.C. § 3553(a).

## II.   BACKGROUND

### A.   Offense Conduct

On February 10, 2024, at approximately 7:51 p.m., Fremont Police Department ("FPD") officers responded to reports of a robbery at Mike's Smoke Shop, on Fremont Boulevard, in Fremont. The caller reported that four subjects had robbed the store using two firearms, and the suspects fled in a Jeep Cherokee. PSR ¶ 6.

The victim store clerk told officers that he was behind the counter when one suspect entered the store and pointed a "machine gun" firearm at him. *Id*. ¶ 7. The suspect told him, "Don't move, otherwise I'll kill you." At that point, three other suspects entered the store. *Id*. A second suspect approached the victim and pointed a handgun at him. The second suspect pushed the victim into a corner and checked his pockets and took his cell phone from him. *Id*. The other suspects began to jump over the counter, taking multiple cartons of cigarettes and other merchandise. The suspects also brought in large gray storage bins to carry the stolen merchandise away. *Id*. The second suspect grabbed the victim's jacket, along his shoulder, and physically dragged him towards the cash register and took all the cash from the cash register. *Id*. The victim stated that he was moved against his will, and he was in fear during this incident. The victim reported that all the suspects wore masks. The suspects stole at least

$10,000 worth of cigarette cartons and $1,500 in cash. PSR ¶ 7. Surveillance footage captured the robbery on video and corroborated the victim's account.

A fingerprint was retrieved from one of the gray bins that was left near Mike's Smoke Shop by the robbers, and the fingerprint belonged to the Defendant. PSR ¶ 8.

The Defendant's cell phone location data also placed his cell phone near Mike's Smoke Shop during the time of the February 10, 2024 robbery. That data also shows that the Defendant's cell phone was near Mike's Smoke Shop on February 9, 2024 at 3:00 a.m., at the time of another attempted burglary of the shop. Both nights, the Defendant's cell phone traveled the same route from Oakland to Fremont, and back to Oakland. A search of the Defendant's Instagram account and two cell phone devices revealed, among other things, images of the Defendant with firearms resembling the firearms visible in the surveillance footage of the robbery, images of the Defendant with piles of cash a few days after the robbery, an image of a vehicle that looks like the Cherokee used during the robbery, internet searches for smoke shops in the East Bay, and chats about cigarette money and stealing cars.

The victim of the robbery was in fear for his life during the robbery and has suffered from fear and anxiety since the robbery. PSR ¶ 10.

### B. Defendant's Criminal History

The Defendant also has a substantial criminal history—he has engaged in criminal activity over the past two decades. In April 2015, the Defendant was convicted of a carjacking and sentenced to three years' prison. The carjacking involved the victim vehicle being shot at. PSR ¶ 29. In September 2018, the Defendant was convicted of possessing a controlled substance in prison and sentenced to 16 months' prison, consecutive to the sentence he was serving. *Id*. ¶ 30. In November 2022, the Defendant was convicted of a July 2021 robbery. *Id*. ¶ 31. Between his convictions, the Defendant has been arrested repeatedly for, among other things, carjackings, burglary, vehicle theft, robbery, being a felon in possession of a firearm, and evading a peace officer. *Id*. ¶¶ 35 – 56. The Defendant was notably on some form of probation or supervision during much of his criminal conduct.

### III. PROCEDURAL HISTORY

On February 27, 2025, the Defendant was charged by Indictment with Aiding and Abetting a

1  Robbery Affecting Interstate Commerce in violation of 18 U.S.C. §§ 1951(a) and §2  Dkt. No. 1.  On
2  November 21, 2025, the Defendant pled guilty to the sole Count of the Indictment.  The Defendant
3  admitted to participating in a robbery of a smoke shop in Fremont on February 10, 2024.  Plea; PSR.
4  Sentencing is set for March 6, 2026 at 9:30 a.m.

## IV.  SENTENCING GUIDELINES CALCULATION

The parties agreed to a plea agreement resulting in an adjusted offense level of 22.  The calculation is as follows: Base Offense Level 20 pursuant to U.S.S.G. §2B3.1(a); a three-level enhancement for brandishing a firearm, pursuant to U.S.S.G. §2B3.1(b)(2)(E); a two-level enhancement for a victim being restrained, pursuant to U.S.S.G. §2B3.1(b)(4)(B);; and a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. §3E1.1, for a Total Offense Level of 22.  *See* Plea¶ 7; PSR ¶¶ 14 – 24.

The Defendant has a substantial criminal history, and his criminal history score is eight, which results in a criminal history category of IV.  PSR ¶ 34.

Based on a total offense level of 22 and a CHC of VI, the guideline range is 63 to 78 months.

The parties agreed to a term of 42 months' incarceration to be followed by three years of supervised release, and placement at a halfway house or at an inpatient treatment program for the first six months of supervised release. *See* Plea¶ 8.  This represents a 33 percent downward variance from the low end of the guideline range.  Probation recommends the same term.  *See* PSR Recommendation.

The government and Probation agree that the Defendant owes $2,428.90 in restitution to the victim store clerk whose store suffered property damage during the robbery.  *See* PSR ¶ 82; Recommendation.

## V.  APPLICABLE LAW

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2).  *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines.  *Id.*  After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive

reasonableness in light of the factors set out in Section 3553(a). *Id.* at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need for the sentence to protect the public from future crimes of the defendant;

(5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(6) the need to provide restitution to any victims of the offense.

## VI.    RECOMMENDED SENTENCE AND SECTION 3553(a) FACTORS

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends a custodial sentence of 42 months to be followed by a three-year term of supervised release, commensurate with an Adjusted Offense Level of 22, a CHC IV, and a 33 percent downward variance from the low end of the guideline range.

The nature and circumstances of the Defendant's offense are serious. The Defendant aided and abetted the robbery of Mike's Smoke Shop. During that robbery, armed robbers assaulted the victim store clerk, pointed their weapons at him, threatened him, and caused him to fear for his life. The armed robbers stole over $10,000 worth of cigarette cartons and $1,500 in cash. The victim continues to experience anxiety and fear because he was robbed. The Defendant's fingerprint was found on the bins used by the robbers during the robbery. His cell phone data placed him at the scene of the robbery during the robbery, and on the night before during an attempted burglary of the same store. The Defendant's social media posts prominently feature the Defendant with firearms and piles of cash.

The Defendant also has a lengthy criminal history. Over the past two decades, the Defendant has been convicted of robberies and drug offenses. He has been sentenced to jail for multiple years. He has

been on some form of probation for the better part of the past decade and yet has been repeatedly rearrested for robberies, burglaries, firearm offenses, and evading law enforcement. The Defendant has been undeterred thus far and a substantial term of custody is appropriate to keep the community safe and to specifically deter the Defendant from continuing to live a lawless life.

It is also true that the Defendant has taken responsibility for the offense conduct and expressed remorse. The Defendant saved the government substantial resources by accepting responsibility. The Defendant has also had a difficult life, marred by violence and the loss of loved ones. PSR ¶¶ 58 – 67.

A significant term of incarceration is warranted. The proposed 42-month term of incarceration will be the Defendant's first federal term of custody, and a three-year term of supervised release will ensure that the Court and Probation can continue to ensure the Defendant does not reoffend in the future. The Defendant agreed to reside at a halfway house or inpatient treatment center for the first six months of his supervised release. The government is hopeful that the Defendant's acceptance of responsibility signals that he will rejoin society in a more productive manner after this term of incarceration and rebuild a life for himself and his daughter.

A custodial sentence of 42 months' custody to be followed by three years of supervised release, and placement at a halfway house or at an inpatient treatment program for the first six months of supervised release, is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553.

DATED: February 27, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/S/
───────────────────────
Ivana Djak
Assistant United States Attorney